UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN IGO,                        )
          Plaintiff,             )
                                 )  Civ. Action No. 17-12328-PBS
          v.                     )
                                 )
CLERK OF COURT, U.S.D.C., et al.,)
          Defendants.            )

MEMORANDUM AND ORDER
December 1, 2017

SARIS, C.D.J.

     For the reasons set forth below, the Court (1) grants

plaintiff's motion to proceed in forma pauperis; and (2) directs

the plaintiff to file an amended complaint.

BACKGROUND

     Plaintiff John Igo ("Igo") filed this action against the

clerk of the United States District Court along with unnamed

assistant and statistical clerks.  See Docket No. 1.  Plaintiff

also filed an Application to Proceed Without Prepayment of Fees

and Affidavit.  See Docket No. 2.

     As best can be gleaned from the complaint, Igo complains that

the court, as well as governments and law enforcement, "evade

plaintiff's efforts to maintain identifying documents (I.D.'s,

Birth Certificates, etc.)."  See Complaint ("Compl.") at ¶ III

(statement of claim).  The complaint asserts both federal question

and diversity jurisdiction and asserts a general proposition

regarding the identification of a person both as a U.S. citizen

and as a state resident and citizen.  Id. at ¶ II (basis for

jurisdiction). For relief, Igo seeks to have the court "accept as true plaintiff's affidavit certificates of birth as records of your federal court of record, USDC." Id. at ¶ IV (relief).  He asserts an alternate claim of $75,050.00.  Id.

The Court's records indicate that Igo was a party in several actions that are now closed.  See Igo v. Governor, et al., C.A. No. 15cv40088-TSH (closed); Igo v. The Courtroom Four Clerks of the USDC, C.A. No. 12-11699-WGY (closed); and Igo v. N. Suffolk Mental Health Ass'n, C.A. No. 12-10907-NMG (closed).

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of

2

the claim showing that the pleader is entitled to relief."
Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). The factual
allegations in the pleading must be sufficient to raise the right
to relief above the speculative level on the assumption that all
the allegations in the complaint are true. Twombly, 550 U.S. at
555. A plaintiff is not required to include detailed factual
allegations, but must provide more than "an unadorned, the-
defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at
678. A pleading that offers legal conclusions or a simple
recitation of the elements of a cause of action will not meet this
pleading standard. Id.

DISCUSSION

Federal courts are courts of limited jurisdiction.
Consequently, "[i]t is to be presumed that a cause lies outside
this limited jurisdiction, and the burden of establishing the
contrary rests upon the party asserting jurisdiction." Kokkonen v.
Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal
citation omitted).

In general, federal courts have authority to hear a case only
when it raises a federal question by asserting a claim under a
federal statute, or when diversity of citizenship exists between
the parties. Caterpillar Inc. v. Williams, 482 U.S. 386, 392
(1987). Diversity of citizenship does not exist in this case as
Plaintiff includes allegations suggesting both he and defendants

are citizens of Massachusetts. See 28 U.S.C. § 1332. If federal jurisdiction exists in this case, it must be premised on a federal question.

Here, Igo is proceeding pro se and therefore enjoys the benefit of a liberal construction of his pleadings and filings. Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (pro se pleadings are to be liberally construed, in favor of the pro se party). Even with that liberal construction, however, Igo fails to properly identify a federal question in this case. Here, Igo has failed to state a claim upon which relief may be granted because his statement of the claim does not meet the requirements of Rule 8(a)(2). He has not identified the alleged acts of misconduct by each of the parties and it is not apparent from the face of the complaint why he is suing the clerk of court along with unnamed assistant and statistical clerks.

Moreover, the clerks may be covered by quasi-judicial immunity. That doctrine provides protection from suit to court administrative officials who perform discretionary acts of a judicial nature. Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980).

Because the complaint fails to indicate a viable federal legal cause of action, Igo has not established a basis for federal jurisdiction. If he wishes to pursue this action, he must file an

amended complaint in which he sets forth, with clarity, the basis for federal jurisdiction and the alleged misconduct of each party.[1]

ORDER

Based on the foregoing:

(1)   The motion to proceed in forma pauperis (#2) is ALLOWED.

(2)   If plaintiff wishes to proceed with this action, he is directed to file an amended complaint.  Failure to comply with this directive within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.